495 So.2d 359 (1986)
Trudy LAM, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al., Defendant-Appellant.
No. 85-910.
Court of Appeal of Louisiana, Third Circuit.
October 1, 1986.
Writ Denied December 5, 1986.
*360 Richard Ducote, Baton Rouge, for defendant-appellant.
Schrumpf & Schrumpf, Charles Schrumpf, Sulphur, Stockwell, Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr., Lake Charles, for plaintiff-appellee.
Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Plauche, Smith and Nieset, James R. Nieset, Lake Charles, for other defendants.
Before STOKER and YELVERTON, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Judge Pro Tem.
The Louisiana Department of Transportation and Development (DOTD) perfected this appeal from a judgment that found DOTD's negligence to be a cause of the plaintiff's accident.
In the early afternoon of June 24, 1981, Trudy Lam was driving a 1980 Mustang in an easterly direction on LA. 379 near Anthony Ferry Road in Calcasieu Parish. The highway is a rural two lane roadway. The road was wet from an all morning rain. The particular stretch was being resurfaced by DOTD through several contractors who settled out of the litigation. The old railroad crossing was being replaced with a rubberized mat. The railroad ties were replaced, leaving the track 3½ to 4 inches above the original surface. The first 2 inch layer of asphalt had been applied to the original surface, leaving a 1½ to 2 inch differential between the tracks and the roadway. Upon completion of the overlay project, the track would be flush with the new surface. To allow for the transition in the interim, a 2 foot asphalt ramp was placed at the track. The construction zone was adequately signed with "Under Construction45 m.p.h." warnings.
Somewhere near the tracks, Trudy Lam lost control of her vehicle and collided with Fay Robinson's car in the oncoming lane.
The facts surrounding the accident itself were obtained through the testimony of eyewitnesses. Ms. Lam has no recollection of the events before and during the accident.
It was stipulated that DOTD was aware of the track repairs and the differential in elevation between the tracks and the roadway.
The plaintiff, in her suit alleges that DOTD was negligent in failing to warn motorists of the "bump" in the roadway and that the actions of the Department created a defect within the provisions of *361 Louisiana Civil Code Art. 2317 (strict liability).
On the day of the accident, no construction activity was ongoing due to the inclement weather. However, DOTD's inspector, James Dunn, was present on the scene for 2 hours and observed the moderately heavy traffic easily handling the railroad crossing. The witnesses who testified that they crossed the tracks, with the exception of Ms. Lam, did so without losing control of their cars.
The Trial Judge found as a matter of fact that the plaintiff failed to prove that the "bump" at the railroad tracks in and of itself was a defect or created an unreasonable risk of injury. He also found, as fact, that there were 45 m.p.h. signs present and that if Ms. Lam had been traveling at 45 m.p.h. or less, considering road conditions, she would have maintained control of her car. He found that she did not exercise that degree of care expected of an ordinary and prudent driver under the circumstances. He also concluded that no "bump" signs were present and that the Department was negligent in failing to warn approaching motorists of the bump at the railroad crossing.
The Trial Court assessed the percentage of negligence attributable to DOTD at 50% and to the plaintiff at 50% and awarded $60,000.00 for pain and suffering and the stipulated special damages of $10,245.30.
The conclusions reached by the Trial Court present obvious contradictions which we find difficult to reconcile. In order to recover under either a strict liability theory (C.C. Art. 2317) or a negligence theory (C.C. Art. 2315) a plaintiff must prove that an unreasonable risk of harm created by a defendant is a cause-in-fact of the harm that actually occurred. After finding that the plaintiff had failed to prove that the bump at the railroad tracks in and of itself was a defect or created an unreasonable risk of injury, the trial court went on to conclude that the DOTD was negligent in failing to warn approaching motorists of the bump at the railroad crossing. It is with this conclusion that we find clear error.
In relation to the duty to properly sign a highway, reasonable care requires, and the Department does owe a duty to the traveling public to erect barricades, signs, and adequate markings to warn against extremely dangerous, trap-like hazards, unusual obstructions, perilous conditions, or defects in the road. Whether the warning is required, reasonable or adequate is determined by the place where the danger exists, the nature of the road and the general situation and circumstances surrounding it. Consideration is to be given to all of the facts, together with the kind and speed of vehicles in order to determine whether the Department has discharged its duty. Vervik vs. State of Louisiana, Department of Highways, 302 So.2d 895 (La. 1974); Richardson vs. Continental Ins. Co., 468 So.2d 675 (La.App. 3d Cir.1985), writ denied, 474 So.2d 1304 (La.1985). Warnings should be sufficient to alert the ordinary, reasonable motorist, having in view the probable traffic, the character of the road and the use reasonably to be anticipated. Von Cannon vs. State, Department of Highways, 306 So.2d 437 (La.App. 3d Cir.1975), writ denied, 309 So.2d 681, 682 (La.1975); Kennison vs. State, Department of Transportation and Development, 486 So.2d 267 (La.App. 3d Cir.1986). The duty to warn exists also when dangerous conditions are created during the State's maintenance or repairs of highways. Duffy vs. State, Depart. of Transp., Etc., 415 So.2d 375 (La.App. 1st Cir.1982), writ denied, 420 So.2d 448 (La. 1982); Kennison vs. State, Department of Transportation & Development, supra.
In determining that the bump did not create an unreasonable risk of harm, a conclusion with which we agree, the Trial Court was then bound to find no negligence on the part of defendant. Where there exists no unreasonable risk or defect there can be no negligence in failing to warn of a particular condition in a roadway.
*362 The evidence showed that the entire area of the highway approaching the railroad and the railroad itself were under construction. This entire highway area was signed to warn motorists of the construction. In our opinion, the general highway markers were sufficient to give adequate and timely warning of the existing road conditions.
Based on the correct conclusion of the Trial Court that plaintiff failed to prove that the bump was a defect and that it created an unreasonable risk of harm, we find that the absence of specific signing related to the existence of a bump was not a legal cause of the accident and the resulting damage.
Accordingly, the District Court's judgment finding negligence on the part of the DOTD is reversed and we render judgment against plaintiff, Trudy Lam, rejecting her demands and dismissing all claims against defendant. Appellee, Trudy Lam, is to pay all costs to the court below and on appeal.
REVERSED AND RENDERED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.